McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-MC-00143-KJM-DB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulations for Consent Judgment of Forfeiture, the Court finds:

1. On April 11, 2018, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $10,000.00 in U.S. Currency ("the defendant currency") from Lannis Prince aka Lannis Melvin ("Melvin") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about June 25, 2018, USPIS received a claim from Tiffany Brox ("Brox" or "claimant") asserting an ownership interest in the defendant currency. On or about July 23, 2018, USPIS received a claim from Therese Valmore ("Valmore" or "claimant") asserting an ownership interest in the defendant currency.

3. Claimants do not contest the United States' representation that it could show at a forfeiture trial that on April 11, 2018, USPIS conducted a parcel interdiction at the Processing and

1

Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail parcel # EL 405584429 US. The package was addressed to Gina, 1573 Dana Dr Apt 107, Redding, California 96003, with the following return address: Prince, 421 Edward Knoto Thomas, Ville Platte, LA 70586.

4. Claimants do not contest the United States' representation that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. Claimants do not contest the United States' representation that it could further show at trial that on April 11, 2018, Postal Inspectors contacted Brox over the telephone to discuss the package. Brox said Gina was her nickname. Brox was able to identify the parcel by the tracking number and said it was from her fiancé (Melvin). She said the parcel contained money to pay her bills. Brox then 3-way called Melvin so they could all speak. Inspectors then spoke to Brox and a male sounding voice that claimed to be Melvin and Melvin confirmed he sent the parcel in question and said he lived at the sending address. He also stated the parcel contained money for Brox's bills. Melvin gave consent to open Priority Mail parcel # EL 405584429 US. Inside the Priority Mail parcel was a Fruit of the Loom bag of T-shirts. Concealed within the bundle of clothing was a vacuum/heat sealed plastic bag wrapped in carbon paper. Inside the bag was more carbon paper wrapped around another vacuum/heat sealed bag containing U.S. currency totaling $10,000.00. The parcel did not contain any notes, receipts, or instructions.

6. Lannis Melvin passed away on May 21, 2018. Ms. Valmore is Mr. Melvins' mother.

7. Claimants do not contest the United States' representation that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Brox and Valmore acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or

entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of duly executed Stipulations for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulations for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $1,000.00 of the Approximately $10,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,000.00 of the Approximately $10,000.00 in U.S. Currency shall be returned to claimant Tiffany Brox through her attorney Jacek W. Lentz.

4. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $10,000.00 in U.S. Currency shall be returned to claimant Therese Valmore.

5. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

6. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

7. All parties will bear their own costs and attorney's fees.

8. Pursuant to the Stipulations for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: December 4, 2018.

_____
UNITED STATES DISTRICT JUDGE